Deyo, J.
This action was brought to recover damages for personal injuries suffered by the plaintiff, a guest passenger in the defendant’s automobile when the car left the highway and crashed into a culvert. There was evidence from which the jury could have found that the accident was caused" by a blowout of the right front tire which in turn was caused by the loosening of a blowout patch inside the casing of the tire.
Generally speaking a guest takes hi's host’s car as he finds it and assumes the risk of mechanical defects. An owner’s duty toward a guest, in this respect, finds definitive expression in Higgins v. Mason (255 N. Y. 104), wherein it was held that an owner was not liable for injuries caused by mechanical defects, unless he knew of the condition, realized that it involved an unreasonable risk, believed that his guest would not have discovered the condition and failed to give warning thereof. The record in the case at bar discloses that a slow leak had developed in this tire some weeks previous to the accident and that defendant had taken it to a garage where it was discovered that there was a two and one-half inch break in the side wall of the casing. This condition was called to the defendant’s attention and the repairman was told to fix it up so that the tire could be used. Ño instructions were given as to how it should be repaired. The garageman in accordance with customary practice, cemented a patch inside the casing which, according to him, would tend to and did in this case loosen up, due to the heat generated by usage. The defendant, who had had garage experience, knew that patches were ordinarily used for emergency repairs and had in fact ordered new tires all around. However, the defendant denied any knowledge that the tire as repaired, was defective or that it was in other than good operating condition. His statement that he did not realize that the use of the tire thus repaired involved any unreasonable risk, was stricken out.
Applying the test set forth in the Higgins case (supra) to the facts herein involved, it is apparent that defendant had knowledge of the condition of the right front tire, i.e., that he knew it had been repaired; that the plaintiff had no knowledge of this condition and was not warned thereof. However, there is not one scintilla of proof that this condition constituted a mechanical defect; that it created any particular hazard or that defendant had any knowledge whatsoever that the use of the tire in its repaired condition involved any unreasonable risk. Granted that defendant should have known that a patched tire is not as serviceable as one which has not been patched, and *676 that vulcanizing is a more permanent method of repair, it does not follow that the use of such equipment constituted negligence. The record is devoid of proof that such is the fact. We cannot agree that the owner of a motor vehicle accepts and uses at his peril a repair job done in a customary and workmanlike manner, even though he may be chargeable with knowledge that some other method might have greater permanency and durability. The necessity for almost any type of repair work calls attention ipso facto to some structural weakness. To impose liability for damage which may result from a subsequent giving way of that weakened part is to ignore the realities of everyday life as well as the established rules of negligence, and constitutes an owner the insurer of the safety of his guests.
There are other reasons why this judgment cannot stand. One of the essential elements of the right to recovery in cases such as this is a realization on the part of the owner that the use of the defective part involves an unreasonable risk. Since defendant’s frame of mind in this regard was one of the issues in the case, he should have been permitted to state what that frame of mind was, even though the answer might be termed a conclusion. Furthermore, plaintiff was permitted over objection to elicit considerable testimony as to the condition of the other tires on defendant’s vehicle, and the difficulties which defendant had experienced with them. This line of questioning clearly had no bearing on the condition of the specific tire involved and therefore was immaterial, irrelevant and obviously prejudicial.
We find no abuse of discretion on the part of the Trial Judge in permitting plaintiff to reopen her case, even though both parties had rested.
The case was tried and submitted to the jury solely on the theory that the use of the tire in the condition described, constituted actionable negligence. Consequently, evidence as to the distance which the car traveled after the blowout and before it struck the culvert, whether satisfactorily explained or not, was immaterial and irrelevant. The plaintiff’s right to recovery must stand or fall on the theory of negligence adopted.
The judgment should be reversed, with costs to the defendant-appellant, and the complaint dismissed.
Foster, P. J., Bergan and Coon, JJ., concur; Heeeernan, J., dissents, in the following memorandum: I dissent from the opinion of Justice Deyo and vote to affirm the judgment and order under review. Defendant had been employed in a garage *677 for fifteen years and was experienced in the repair of tires. In fact he had patched many tires in the course of his work. The jury might well have found that he was chargeable with knowledge of the condition of his tires at the time the accident occurred. The proof warranted the finding of negligence on his part.
Judgment reversed, on the law and facts, with costs to defendant-appellant, and complaint dismissed.